CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONCEVERTE POWELL, IV, | ) |
| | ) Civil Action No. 7:13CV00124 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Ronceverte Powell, IV, was born on March 3, 1958, and eventually reached the tenth grade in school. Mr. Powell has earned a GED. Plaintiff has worked as a roofer in the construction industry. He last worked on a regular basis in 2001. On December 12, 2008, Mr. Powell filed an application for supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on April 1, 2003, due to arthritis in the back, arms, and knees; broken right arm in July of 2008 which did not set properly; inability to lift arms above head; inability to lift any weight; deformed knuckles on the right hand; weak

ankles; shortness of breath; and severe high blood pressure. Mr. Powell now maintains that he has remained disabled to the present time.

Plaintiff's claim for benefits was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. At the conclusion of the administrative hearing, the Administrative Law Judge determined to refer plaintiff for a new consultative evaluation. Following additional radiographic studies of the right upper extremity, Dr. William H. Humphries completed a consultative examination report on August 8, 2011. Dr. Humphries had previously seen Mr. Powell on March 3, 2009. After receiving Dr. Humphries' second report, the Administrative Law Judge conducted a supplemental administrative hearing on February 24, 2012. A vocational expert appeared and testified at that hearing. The Law Judge produced an opinion on February 24, 2012. The Law Judge assessed plaintiff's physical condition as follows:

> The claimant has the following severe impairments: hypertension, mild degenerative joint disease of the hands and feet, mild to moderate chronic obstructive pulmonary disease (COPD), chronic thoracolumbar strain, mild degenerative joint disease of the ankles and knee, and peripheral neuropathy of both lower extremities, probably related to ethanol ingestion. The evidence suggests a history of alcohol abuse/ alcoholism, partially in remission.

(TR 14). Because of his severe impairments, the Law Judge ruled that Mr. Powell is disabled for his past relevant work activity. The Law Judge determined that plaintiff retains sufficient functional capacity for less than a full range of light work. The Law Judge assessed Mr. Powell's residual functional capacity as follows:

> The claimant can lift or carry 10 pounds frequently, 20 pounds occasionally, and can sit for 2 hours at a time without interruption and for a total of 6 hours in an 8-hour workday, and stand/walk for 1 hour at a time without interruption and for a total of 6 hours in an 8-hour workday. The claimant can perform occasional reaching,

handling, fingering, and pushing/pulling bilaterally. He can perform frequent feeling bilaterally. The claimant can occasionally climb stairs and ramps, but cannot climb ladders or scaffolds. He can only perform occasional kneeling and crawling. He can occasionally operate foot controls bilaterally. He has no visual or hearing limitations. He cannot operate a motor vehicle or work around unprotected heights. He cannot work in an environment with dust, odors, fumes, or pulmonary irritants. He can only occasionally work around moving mechanical parts, humidity and wetness, temperature extremes, and vibration. He cannot work in an environment with loud noises.

(TR 18). Given such a residual functional capacity, and after considering Mr. Powell's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge concluded that plaintiff retains the capacity to perform several specific work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Powell is not disabled, and that he is not entitled to supplemental security income benefits. See generally, 20 C.F.R. § 416.920(g). Sometime later, the Social Security Administration's Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having now exhausted all available administrative remedies, Mr. Powell has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. As previously noted, at the close of the initial administrative hearing, the Administrative Law Judge found it necessary to refer Mr. Powell for additional consultative evaluation. Dr. William H. Humphries, who had previously reported on Mr. Powell's condition, conducted a supplemental evaluation with report dated August 8, 2011. In resolving the factual conflicts in the medical record, the Law Judge ultimately accorded greater weight to the second assessment provided by Dr. Humphries. (TR 20). In obtaining input from the vocational expert at the supplemental administrative hearing, the Administrative Law Judge formulated hypothetical questions based on Dr. Humphries' physical findings. In response to the questions posed by the Administrative Law Judge, the vocational expert testified that Mr. Powell could do light work (TR 66) and that there are several specific light work roles in which plaintiff could be expected to perform. (TR 66-67). The difficulty in this case is that Dr. Humphries' physical findings do not support the notion that Mr. Powell retains sufficient functional capacity to engage in a full range of light work activity. Indeed, under Dr. Humphries' assessment, plaintiff retains sufficient functional capacity to engage in only a very narrow range of work activities in which he is able to frequently alternate between sitting and standing. Inasmuch as the Law Judge ultimately adopted Dr. Humphries' physical evaluation, and inasmuch as the hypothetical questions put to the vocational expert did not include all the limitations identified by Dr. Humphries, the court concludes that the record does not support the Law Judge's reliance on the vocational expert's testimony in assessing Mr. Powell's capacity for alternate work activity.

In his first report dated March 5, 2009, Dr. Humphries produced findings which clearly support a determination of residual functional capacity for light work activity. (TR 354). However,

by the time of his second report dated August 9, 2011, Dr. Humphries documented some deterioration in Mr. Powell's function. On that occasion, Dr. Humphries reported the following medical history:

> The examinee indicates that he injured his low back initially in 2007 when he fell down some stairs. X-rays did not reveal a fracture and he has subsequently fallen down the stairs on at least three additional occasions injuring his back when he has fallen, and also has injured his head. The low back currently hurts continuously, worse with bending or lifting which he avoids, worse with use of the back. He has frequent bowel incontinence, frequent urinary incontinence. His wife helps clean him up. He does not utilize a protective garment. He has not lost extremity control. He cannot walk more than about 100 yards on a good day on level ground without stopping due to back pain.
>
> Shortness of breath. This has been present for about four years. He does not utilize breathing medications, has not required admission to the hospital for breathing. He is dyspneic at rest intermittently and uniformly on exertion. He cannot walk more than about 12 steps in a set of stairs without stopping.
>
> The review of systems reveals that he has had a seizure disorder that began in 2010 and began with a seizure in which he lacerated his scalp, He has lost continence with the seizures, but not bitten the inside of his mouth or tongue. He has had about five of these episodes since the onset in 2010. His eyes roll back into his head, he quivers; they last usually less than a minute.
>
> Review of systems also reveals a possible mini-stroke in the past. He also has pain in ankles, knees and right hand. He fractured his right hand in March of 2009 and has some deformities of the knuckles of the right fourth and fifth knuckle. Pain is in this area intermittently, worse with use. He also has pain in the ankles and knees for about 10 years. He has not undergone surgery or injection into any of these joints, including the hands, He feels that there is some weakness of both upper extremities and he can not complete drying of his hair and combing of his hair and fixing his pony tail without having to stop before he completes this task. He also has some numbness in both toes.

(TR 447-48). Dr. Humphries listed diagnoses as follows:

    1.     Hypertension
    2.     Degenerative joint disease (DJD), mild, both hands and feet.
    3.     Chronic obstructive pulmonary disease (COPD), mild to moderate
    4.     Chronic thoracolumbar strain

     5.      Posttraumatic degenerative joint disease (DJD), right hand.
     6.      Degenerative joint disease (DJD), mild, both ankles and knees.
     7.      Peripheral neuropathy, both lower extremities, probably related to ethanol ingestion.

(TR 450). Dr. Humphries submitted the following functional assessment:

> Based on objective findings of this evaluation, the examinee would be limited to sitting six hours in an eight-hour workday, to standing and walking six hours in an eight-hour workday, to lifting 50 pounds occasionally and 25 pounds frequently. He would be limited to occasional climbing and kneeling and no crawling. There would be no restrictions regarding stooping or crouching. He should avoid heights, hazards and fumes. He cannot perform fine manipulations and he would be limited to occasional foot controls.

(TR 451).

Dr. Humphries also completed a medical assessment of plaintiff's physical ability for work-related activities. Dr. Humphries estimated that Mr. Powell could be expected to frequently lift up to 20 pounds, frequently carry up to 10 pounds, and occasionally carry up to 20 pounds. (TR 453). The consultant reported that Mr. Powell could be expected to sit for up to two hours without interruption, stand/walk for one hour without interruption, and sit and stand/walk for a total of six hours each in an eight hour work day. (TR 454). Without question, Dr. Humphries' report establishes that Mr. Powell can work only if he is permitted to change physical positions on a frequent basis, standing/walking no more than one hour at a time, and sitting for no more than two hours at a time. In common parlance, such an assessment establishes the need for a "sit/stand option." See Social Security Ruling 96-9p (July 2, 1996).

At the administrative hearing, the Law Judge cited Dr. Humphries' second report, and proceeded to characterize plaintiff's residual functional capacity for the vocational expert as follows:

> Q:    Okay. So let me just read it out though. Sit six hours an eight-hour workday, stand and walk six hours in an eight-hour workday, lift 50 pounds

6

> occasionally, 25 pounds frequently, occasional climbing, kneeling, and crawling, no restrictions on stooping or crouching, should avoid heights, hazards, and fumes, cannot perform fine manipulations, and would be limited to occasional foot controls. Okay. Within those parameters, first off, is there work that can be – can this – could such an individual do the jobs that I named in the last hypothetical that I drew from the last hearing, counter rental clerk, ushers, lobby attendants.

(TR 64). In response, the vocational expert confirmed that plaintiff could perform the jobs as identified at the prior hearing. (TR 64). When asked to consider Dr. Humphries' more recent residual functional capacity assessment, the vocational expert testified that such limitations are consistent with "light work." (TR 65-66). The vocational expert went on to opine that Mr. Powell could be expected to perform the work roles already identified, assuming such physical restrictions. (TR 66).

> In defining "light work," 20 C.F.R. § 416.967(b) provides as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Obviously, if Dr. Humphries' physical findings are fully credited, Mr. Powell is unable to perform a full range of light work, given his inability to stand/walk for more than one hour at a time. For purposes of assessment of residual functional capacity in those unusual cases in which a claimant is unable to sit or stand for a prolonged period of time, Social Security Ruling 96-9p (July 2, 1996) provides as follows:

7

> **Alternate sitting and standing:** An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

In the instant case, it is clear that the vocational expert was not asked to consider plaintiff's physical inability to sit for more than two hours at a time or stand/walk for more than one hour at a time in a work setting. Instead, the vocational expert was asked to simply refer to Dr. Humphries' assessment. It appears that the vocational expert was confused by the Law Judge's questioning. The vocational expert seemingly testified that Dr. Humphries' functional capacity assessment supports a finding of residual functional capacity for light work. (TR 66). Clearly, Dr. Humphries' assessment does not support the notion that Mr. Powell remains capable of performing a full range of light work activities on a sustained basis.

In <u>Walker v. Bowen</u>, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions <u>which fairly set out all of claimant's impairments</u>. (emphasis added)(citations omitted).

In the instant case, the court is simply unable to conclude that the assessment offered by the vocational expert, which was adopted by the Administrative Law Judge, was based on all the work-related limitations documented by Dr. Humphries. There is no indication that the vocational expert

8

was asked to consider the medical necessity for Mr. Powell to frequently change positions, in the overall assessment of Mr. Powell's capacity to perform meaningful work activities on a regular and sustained basis. The distinction between light and sedentary work is especially important in Mr. Powell's case. Under the medical vocational guidelines, if plaintiff is limited to no more than sedentary work activities, given his age, education, and prior, unskilled work experience, Rule 201.12 of Appendix 2 to Subpart P of the Administrative Regulations Part 404 directs a determination of disabled. See generally, 20 C.F.R. § 416.969.

The court is unable to conclude that the vocational expert considered all of the physical restrictions documented by the medical record in this case in determining that Mr. Powell retains sufficient functional capacity to perform light work roles existing in significant number in the national economy. In such circumstances, the court believes that there is "good cause" for remand of this case to the Commissioner so that proper and comprehensive hypothetical questions can be put to a qualified vocational expert.

On appeal to this court, plaintiff contends that the existing record establishes his disability for all forms of substantial gainful employment. Mr. Powell maintains that Dr. Humphries' report establishes residual functional capacity for no more than sedentary exertion, and that the medical vocational guidelines direct a determination of disabled in his case, once he reached the closely approaching advanced age category upon his fiftieth birthday. However, the court believes that this argument is unavailing given Dr. Humphries' findings as to plaintiff's residual functional capacity for lifting and carrying, and his physical ability to stand and walk for six hours in an eight-hour regular work day. Based on the definition of light work as cited above, and assuming that plaintiff's

need for frequent changes of position can be accounted for, the court is unable to conclude on the basis of the existing record that plaintiff is limited to sedentary exertion.[1]

Plaintiff also asserts that Dr. Humphries' report establishes total inability to engage in fine manipulation, and that all of the alternate work roles contemplated by the vocational expert require some measure of fine manipulation. However, the court believes that Dr. Humphries' report is inconclusive in this respect. While Dr. Humphries does state in his functional assessment that plaintiff "cannot perform fine manipulations" (TR 451), the consultant's clinical findings reflect adequate fine manipulation. (TR 449). Finally, Mr. Powell argues that the Administrative Law Judge improperly determined that his testimony as regards disabling physical limitations was not credible. However, given Dr. Humphries' findings, the court concludes that the Administrative Law Judge might reasonably determine that plaintiff's complaints of totally disabling subjective manifestations are not consistent with the objective medical record.[2] All in all, the court believes that the better course is to remand this case to the Commissioner for further administrative proceedings, so that the deficiencies and inconsistencies in the record be properly resolved.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration. See 42 U.S.C. 405(g). An appropriate order of remand will be entered this day.

---

[1] Moreover, contrary to plaintiff's reading, the court does not believe that Social Security Ruling 96-9p provides that a claimant who is unable to stand/walk for more than one hour at a time is necessarily limited to sedentary exertion. Once again, in the court's view, Dr. Humphries' report supports a finding of residual functional capacity for a very narrow range of light work.

[2] It is well settled that for pain to be deemed disabling, there must be objective medical evidence establishing the existence of some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986).

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 27th day of February, 2014.

*/s/ Glen Conrad*

Chief United States District Judge